**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:01 pm, Sep 06, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Dublin Division

| | | |
|---|---|---|
| IN RE: ) | | Chapter 11 Case |
| JOHN A. WHIGHAM and ) | | Number <u>12-30123</u> |
| REBECCA K. WHIGHAM ) | | |
| ) | | **JOINTLY ADMINISTERED** |
| Debtors ) | | |
| ) | | |
| IN RE: ) | | Chapter 11 Case |
| SPRINGFIELD PROPERTIES LLLP. ) | | Number <u>12-30124</u> |
| ) | | |
| ) | | |
| Debtor ) | | |

## OPINION AND ORDER

The matter is before me on the Joint Motion to Extend Exclusivity Periods Within Which to File a Plan & Obtain Acceptances ("Motion") filed by Springfield Properties, LLLP (individually "Springfield") and John and Rebecca Whigham (collectively, the Whighams and Springfield are referred to as "Debtors").[1] After oral argument and consideration of the parties' written motions and responses, I conclude cause exists under 11 U.S.C. §1121(d) to extend the exclusivity period during which only the Debtors may file and solicit acceptances for a plan. The extension to file a plan is granted to and including the date of October 31, 2012; and the extension for confirmation is granted to

---

[1] These cases are being jointly administered. Dckt. No. 47 Order Granting Motion for Joint Administration. All pleading are being filed in the Whighams' case, Chapter 11 Case No. 12-30123, but proofs of claim are filed in the applicable cases.

and including January 4, 2013.

## FINDINGS OF FACT

Debtors filed for chapter 11 bankruptcy relief on April 4, 2012. Debtors' schedules reflect a debt owed to Bank of Eastman in the amount of $2,623,145.95. The Whighams list the debt as unsecured and disputed. Mr. Whigham is a general contractor and retired military officer with over twenty years experience in real estate development. Dr. Whigham is a pediatric dentist and a Lt. Colonel Army Reservist. The Whighams are 50/50 partners of Springfield Properties LLLP. Springfield's only asset is a sixty acre tract of land located in Glynn County, Georgia which is security for the Bank of Eastman's claim. The land is ready for development as a subdivision. Bank of Eastman is the only non-insider creditor listed in the Springfield case. The Whighams are jointly and severally obligated to the Bank of Eastman as guarantors of the loans made to Springfield. Pre-petition, Debtors defaulted on the loan with Bank of Eastman. As of the petition date, litigation was pending in state court between the parties concerning the default as well as allegations of fraudulent transfers between the Whighams and several of their non-debtor business entities.

On August 28, 2012, a hearing was held on Debtors' motion to extend the exclusivity period and the objection thereto filed by the Bank of Eastman. Mr. Whigham testified that in the several

months prior to the 120 day deadline, he has been working with his bankruptcy counsel, negotiating with the Bank of Eastman and trying to determine which assets to liquidate to adequately fund the chapter 11 plan. Assets of non-debtor entities owned by the Whighams may be used to fund the bankruptcy plan. Mr. Whigham also stated the Debtors would file their initial chapter 11 plan on Friday, August 31, 2012 and would propose to pay all creditors in full overtime.[2] He also testified the plan proposes to pay the Bank of Eastman $500,000.00 shortly after confirmation with the Bank of Eastman's remaining debt to be paid over time. He and his counsel acknowledged continued negotiations with the Bank of Eastman would most likely be necessary.

## CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. §1121, only the debtor may file a plan during the 120-day period following the filing of the bankruptcy petition, and the plan must be accepted within the 180-day period following the petition. 11 U.S.C. §1121(b) - (c)(3). This period is commonly known as the "exclusivity period." Under §1121(d), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the court may "for cause" extend the 120-day period for up to 18 months after the petition date and the 180-day period for up to 20 months after the petition date. 11

---

[2] Debtors did file a plan and disclosure statement on August 31, 2012.

3

U.S.C. §1121.

The question of whether to extend the exclusivity period is within the discretion of the bankruptcy judge, and the determination is fact-specific. <u>In re Sportsman's Link, Inc.</u>, 2007 WL 7023830, *2 (Bankr. S.D. Ga. Dec. 3, 2007); <u>In re R.G. Pharmacy, Inc.</u>, 374 B.R. 484, 487 (Bankr. D. Conn. 2007). The Supreme Court has ruled that courts should interpret §1121 "to limit the delay that makes creditors the hostages of Chapter 11 debtors." <u>United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)</u>, 808 F.2d 363, 372 (5th Cir. 1987), <u>aff'd</u>, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). As the parties acknowledged, courts consider the following factors to determine whether cause exists to grant an extension:

    1) the size and complexity of the case;

    2) the necessity of sufficient time to negotiate and prepare adequate information;

    3) the existence of good faith progress toward reorganization;

    4) whether the debtor is paying its debts as they come due;

    5) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    6) whether the debtor has made progress negotiating with creditors;

    7) the length of time the case has been pending;

    8) whether the debtor is seeking an extension to pressure creditors; and

9) whether unresolved contingencies exist.

In re Friedman's, Inc., 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005).

These factors are non-exclusive and the bankruptcy court decides which factors are relevant given the particular facts and circumstances of the case and how much weight to give each factor. In re Sportsman's Link, Inc., 2007 WL 7023830 at *2 citing Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.), 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003); see also Official Comm. of Unsecured Creditors v. Elder-Beerman Stores Corp. (In re Elder-Beerman Stores Corp.), 1997 WL 1774880, at *4 (S.D. Ohio June 23, 1997) ([T]he court has "a high degree of flexibility" in designing the appropriate test for each case and "is not required to apply any particular set of factors, or number of factors, in every case."); In re McLean Indus. Inc., 87 B.R. 830, 34 (Bankr. S.D.N.Y.1987). The focus is on considering whether any "unusual circumstances affecting the Debtor's ability to effectuate a Plan" merit an extension. In re Serv. Merch. Co., Inc., 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000).

Addressing the factors and arguments in this case, I conclude Debtor has shown cause to extend the exclusivity period. As to the size and complexity of the case, this case is not very large, but it is complex enough to merit an extension. The relationship between Debtors and Bank of Eastman is contentious. There is current litigation pending between the parties. Debtors list the

5

Bank of Eastman's claim as disputed. Furthermore, Mr. Whigham is in his seventies and the Debtors' assets are illiquid. Debtors are considering liquidating and using non-debtor assets to fund the plan. The composition of these assets adds to the complexity of the formation of the plan. Debtors also need time to negotiate with their other major creditor, Morris Bank. Third, Mr. Whigham testified credibly that there has been good faith progress toward reorganization. It is undisputed that the Bank of Eastman and Debtors have been negotiating with each other. Mr. Whigham has offered to pay $500,000.00 in cash in a good faith effort to adequately protect the Bank of Eastman's interest. Debtors testified a plan would be filed by Friday August 31, 2012 and this was done.

Debtors also have demonstrated reasonable prospects for filing a viable plan. The plan proposes to pay 100% of claims over time. Negotiations are on-going with the creditors. Lastly, I do not find Debtors' request for an extension is an effort to improperly pressure creditors.

For these reasons, it is ORDERED that Debtors' motion to extend the exclusivity period is GRANTED in part.[3] Debtors shall have the exclusive right to file a plan to and including October 31, 2012; and the extension for confirmation is granted to and

---

[3] Debtors requested a 90 day extension, but given the nature of this case, and its current posture, this approximate 60 day extension should be sufficient.

including the date of January 4, 2013.

*Susan D. Barrett*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this __6th__ Day of September 2012.

AO 72A
(Rev. 8/82)